UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RAYMOND STUKES

                              Plaintiff,

                    -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, as
Police Commissioner; CHARLES V. CAMPISI, as Bureau
Chief, Internal Affairs Bureau; GARY STREBEL, as
Assistant Chief, Internal Affairs Bureau; EDWARD R.
ARMSTRONG, as Deputy Inspector, Internal Affairs Bureau;
SEAN DONOVAN, as Lieutenant, Internal Affairs Bureau, each
being sued individually in their official capacities as employees
of defendant THE CITY OF NEW YORK

                              Defendants'
------------------------------------------------------------------------x

**COMPLAINT
AND JURY DEMAND**

**GARAUFIS, J.**

The plaintiff RAYMOND STUKES, by his attorney The Sanders Firm, P.C., as and for
her complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY;
CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN
DONOVAN, respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the plaintiff
RAYMOND STUKES, (hereinafter referred to as "plaintiff") who was and is being deprived of
his statutory rights as an employee as a result of defendants' THE CITY OF NEW YORK;
RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R.
ARMSTRONG and SEAN DONOVAN'S discriminatory conduct.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§
1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

        a.      the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection
                of all persons in his civil rights and the redress of deprivation of rights under

color of law.

2.      The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

3.      The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296 and New York City Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PROCEDURAL REQUIREMENTS

4.      Plaintiff has filed suit with this Court within the applicable statute of limitations period.

5.      Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

6.      Plaintiff RAYMOND STUKES is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of Nassau County and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation, Defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer, which is the CITY.

## DEFENDANTS'

7.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times Plaintiff's employer

with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

8.      Defendants' RAYMOND W. KELLY, as Police Commissioner; CHARLES V. CAMPISI, as Bureau Chief, Internal Affairs Bureau; GARY STREBEL, as Assistant Chief, Internal Affairs Bureau; EDWARD R. ARMSTRONG, as Deputy Inspector, Internal Affairs Bureau and SEAN DONOVAN, as Lieutenant, Internal Affairs Bureau, each being sued individually and in their official capacities as employees of defendant THE CITY OF NEW YORK.

## BACKGROUND

9.      Plaintiff alleges that on or about December 4, 2009 NYPD while assigned to the 81st Precinct he was placed on 'Modified Assignment' by defendant SEAN DONOVAN.

10.     Plaintiff alleges that unbeknownst to him, he was the subject of a criminal investigation because an arrest that he verified on or about September 3, 2009.

11.     Plaintiff alleges that the arrest was made by former Police Officer Hector Tirado of a male undercover (UC No.: I-5015) who was allegedly selling untaxed cigarettes.

12.     Plaintiff alleges that the arrest was part of an 'Integrity Test' performed by the Internal Affairs Bureau.

13.     Plaintiff alleges that although he verified former Police Officer Tirado's arrest, he DID NOT supervise the arrest processing at the 81st Precinct.

14.     Plaintiff alleges that at the time of the arrest processing, he was off-duty and NOT supervising former Police Officer Hector Tirado.

15.     Plaintiff alleges that in or around February 2010, he was ordered to report to the Quality Assurance Division at 300 Gold Street Brooklyn, N.Y.

16.     Plaintiff alleges that he was questioned extensively by Executive Officer

Lieutenant Michael Brill about the allegations of Police Officer Adrian Schoolcraft regarding the intentional downgrading and/or misclassifications of complaint reports within the 81st Precinct.

17.    Plaintiff alleges that on or about June 16, 2010, Kings County Assistant District Attorney Gregory Marshall presented the alleged facts and circumstances of the alleged Internal Affairs investigation to a Grand Jury, which retuned a 'True Bill' or 'Indictment' against him.

18.    Plaintiff alleges that on or about July 27, 2010, he was advised by Sergeants Benevolent Association Vice President Robert Ganley and his union attorney that he has been 'Indicted' via a 'Sealed Indictment' and was going to be arrested by the Internal Affairs Bureau.

19.    Plaintiff alleges that on or about July 29, 2010, he received a phone call from a reporter at the New York Post that asked his wife if she would like to comment on his impending arrest.

20.    Plaintiff alleges that on or about July 30, 2010, before he was arrested, the New York Post already printed and distributed the story of his impending arrest to its readership.

21.    Plaintiff alleges that it was readily apparent that someone from the Kings County District Attorney's Office or the Police Department City of New York leaked the 'Sealed Indictment' to the New York Post.

22.    Plaintiff alleges that that same day, he was arrested and suspended under the authority of defendant CHARLES V. CAMPISI.

23.    Plaintiff alleges that he was arrested at the Kings County District Attorney's Office and charged with Offering a False Instrument for Filing 1st Degree, Perjury 2nd Degree, Offering A False Instrument for Filing 2nd Degree, Falsifying Business Records 2nd Degree, Official Misconduct 1st Degree and Perjury 3rd Degree.

24.    Plaintiff alleges that defendants' EDWARD R. ARMSTRONG and SEAN

DONOVAN processed him.

25.    Plaintiff alleges that defendant EDWARD R. ARMSTRONG insisted that he do the 'Perp Walk' out from the Kings County District Attorney's Office as well as the Court.

26.    Plaintiff alleges that when he arrived for Arraignment, the Court was full of reporters.

27.    Plaintiff alleges that his arrest was a major media event resulting in his image being reproduced throughout the World in print, television, radio as well as internet media outlets.

28.    Plaintiff alleges that on or about August 31, 2010, he was restored from suspension, placed on 'Modified Assignment' and reassigned to VIPER No.: 4 in the Bronx.

29.    Plaintiff alleges that on or about September 24, 2010, defendant EDWARD R. ARMSTRONG requested that First Deputy Commissioner Rafael Pineiro prefer Charges and Specifications against him.

30.    Plaintiff alleges that defendant GARY STREBEL Gary Strebel endorsed the request.

31.    Plaintiff alleges that the requested Charges and Specifications mirrored the criminal charges.

32.    Plaintiff alleges that shortly thereafter, he was served by the Department Advocate's Office with the Charges and Specifications.

33.    Plaintiff alleges that on or about November 10, 2010, he appeared before the Supreme Court of the State of New York, County of Kings and notified the Court that the alleged documents used by the Kings County District Attorney's Office to secure an 'Indictment' against him were not signed by him.

34.    Plaintiff alleges that the Court previously denied motions to dismiss the indictment for 'lack of evidence.'

35.    Plaintiff alleges that during the interim period of time between Late 2010 through Late Spring 2011, the Court as well as the Kings County District Attorney's Office began to doubt the authenticity and validity of the evidence against the Claimant.

36.    Plaintiff alleges that shortly thereafter, he hired Access Forensic Group, LLC to perform a handwriting analysis.

37.    Plaintiff alleges that as soon as the handwriting expert saw the documents in question, he immediately determined that he DID NOT sign the documents presented to the Grand Jury by the Kings County District Attorney's Office.

38.    Plaintiff alleges that on or about July 5, 2011, he received the Expert Report written by Access Forensic Group, LLC that confirmed that the documents used by the Kings County District Attorney's Office were NOT signed by him.

39.    Plaintiff alleges that the Expert Report was sent to the Kings County District Attorney's Office.

40.    Plaintiff alleges that the Kings County District Attorney's Office offered no response.

41.    Plaintiff alleges that shortly thereafter, he was advised through his attorney that Kings County Assistant District Attorney Andrea Robinson 'knew that he was getting a raw deal but, her supervisors were holding things up.'

42.    Plaintiff alleges that he was then required to produce personal records such as mortgages and bank statements up to ten (10) years for review by the Kings County District Attorney's Office.

43.    Plaintiff alleges that on or about October 11, 2011, Internal Affairs searched his Department lockers at the 81st Precinct and VIPER No.: 4.

44.    Plaintiff alleges that the 'Administrative Search' was ordered by defendant EDWARD R. ARMSTRONG.

45.    Plaintiff alleges that on or about November 14, 2011, he was advised through his attorney that Kings County District Attorney Charles J. Hynes called Sergeant Benevolent Association Vice President Robert Ganley and said "We know that Sergeant Stukes DID NOT sign any of the paperwork.  Come down so that we can get this done."

46.    Plaintiff alleges that on or about November 15, 2011, he appeared before Supreme Court Justice John P. Walsh and Kings County Assistant District Attorney Andrea Robinson notified the Court that the 'charges should be dismissed for lack of evidence.'

47.    Plaintiff alleges that not one apology for ruining his reputation.

48.    Plaintiff alleges that on or about December 7, 2011, through his union attorney, he made a Motion to Restore him to 'Full Duty' to defendant RAYMOND W. KELLY.

49.    Plaintiff alleges that on or about January 17, 2012, he was ordered to appear for a Department Interview at the Internal Affairs Bureau 315 Hudson Street New York, N.Y.

50.    Plaintiff alleges that the interviewers were defendants' EDWARD R. ARMSTRONG and SEAN DONOVAN.

51.    Plaintiff alleges that they asked questions about the arrest processing as well as his belief that Police Officer Facey who was present and recorded during the 'Integrity Test' lied about observing the undercover selling or attempting to sell cigarettes.

52.    Plaintiff alleges that on or about October 22, 2010 through October 25, 2010, Claimant attended 'Reinstatement Training" at the NYPD Police Academy.

53.    Plaintiff alleges that he more than thirty-six months

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

54.    Plaintiff re-alleges Paragraphs 1 through 53 and incorporates them by reference as

Paragraphs 1 through 53 of Count I of this complaint.

55.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V.

CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under

color of law, personally interfered with and deprived him of his constitutional rights.

56.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V.

CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acting

individually and in their official capacities as a public officials of defendant CITY under color of

law, and having been fully advised that he was being deprived of his constitutional rights, either

acted in a concerted, malicious intentional pattern to further discriminate against him, or

knowing such discrimination was taking place, knowingly omitted to act to protect him from

continuing deprivations of his rights.

57.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W.

KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and

SEAN DONOVAN in acting to deprive him of his rights, acted intentionally, knowingly,

willfully, and with gross disregard of his rights.

58.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W.

KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and

SEAN DONOVAN acted in an outrageous and systematic pattern of discrimination, oppression,

bad faith and cover-up, directed at him and continuing from in or around December 4, 2009, until this day.

59.    Plaintiff alleges that as a result of the acts of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT II**
**ABUSE OF AUTHORITY**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

60.    Plaintiff re-alleges Paragraphs 1 through 59 and incorporates them by reference as Paragraphs 1 through 59 of Count II of this complaint.

61.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, personally interfered with and deprived him of his constitutional rights.

62.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such discrimination was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

63.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN in acting

to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

64.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acted in an outrageous and systematic pattern of civil rights violations, oppression, bad faith and cover-up, directed at him and continuing from in or around December 4, 2009, until this day.

65.    Plaintiff alleges that as a result of the acts of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT III**
**VIOLATION OF THE FOURTH AMENDMENT**
**FALSE ARREST**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

66.    Plaintiff re-alleges Paragraphs 1 through 65 and incorporates them by reference as Paragraphs 1 through 65 of Count III of this complaint.

67.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, personally interfered with and deprived him of his constitutional rights.

68.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his constitutional rights, either

acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing

such violations was taking place, knowingly omitted to act to protect him from continuing

deprivations of his rights.

69.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V.

CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN in acting

to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of

his rights.

70.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V.

CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acted in

an outrageous and systematic pattern of civil rights violations, oppression, bad faith and cover-

up, directed at him and continuing from in or around December 4, 2009, until this day.

71.    Plaintiff alleges that as a result of the acts of defendants' RAYMOND W.

KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and

SEAN DONOVAN under color of law, he suffered emotional distress, monetary damage, and

incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and

other costs of pursuing the claims herein.

**COUNT IV**
**VIOLATION OF THE FOURTH AMENDMENT**
**UNLAWFUL DETENTION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

72.    Plaintiff re-alleges Paragraphs 1 through 71 and incorporates them by reference as

Paragraphs 1 through 71 of Count IV of this complaint.

73.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V.

CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under

color of law, personally interfered with and deprived him of his constitutional rights.

74.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

75.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

76.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acted in an outrageous and systematic pattern of civil rights violations, oppression, bad faith and cover-up, directed at him and continuing from in or around December 4, 2009, until this day.

77.    Plaintiff alleges that as a result of the acts of defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT V
## VIOLATION OF THE FOURTH AMENDMENT
## FALSE IMPRISONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

78.     Plaintiff re-alleges Paragraphs 1 through 77 and incorporates them by reference as Paragraphs 1 through 77 of Count V of this complaint.

79.     Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, personally interfered with and deprived him of his constitutional rights.

80.     Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

81.     Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

82.     Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acted in an outrageous and systematic pattern of violations of his civil rights, oppression, bad faith and cover-up, directed at him and continuing from in or around December 4, 2009, until this day.

83.    Plaintiff alleges that as a result of the acts of defendants' RAYMOND W.

KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and

SEAN DONOVAN under color of law, he suffered emotional distress, monetary damage, and

incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and

other costs of pursuing the claims herein.

### COUNT VI
### VIOLATION OF THE FOURTH AMENDMENT
### MALICIOUS PROSECUTION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

84.    Plaintiff re-alleges Paragraphs 1 through 83 and incorporates them by reference as

Paragraphs 1 through 83 of Count VI of this complaint.

85.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W.

KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and

SEAN DONOVAN under color of law, personally interfered with and deprived him of his

constitutional rights.

86.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V.

CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acting

individually and in their official capacities as a public officials of defendant CITY under color of

law, and having been fully advised that he was being deprived of his civil rights, either acted in a

concerted, malicious intentional pattern to further violate his civil rights, or knowing such

violations was taking place, knowingly omitted to act to protect him from continuing

deprivations of his rights.

87.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V.

CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN in acting

to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

88.     Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acted in an outrageous and systematic pattern of civil rights violations, oppression, bad faith and cover-up, directed at him and continuing from in or around December 4, 2009, until this day.

89.     Plaintiff alleges that as a result of the acts of defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT VII**
**IMPROPER TRAINING**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

90.     Plaintiff re-alleges Paragraphs 1 through 89 and incorporates them by reference as Paragraphs 1 through 89 of Count VII of this complaint.

91.     Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, personally interfered with and deprived him of his constitutional rights.

92.     Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his civil rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such

violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

93.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

94.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acted in an outrageous and systematic pattern of civil rights violations, oppression, bad faith and cover-up, directed at him and continuing from in or around December 4, 2009, until this day.

95.    Plaintiff alleges that as a result of the acts of defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VIII
## IMPROPER DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

96.    Plaintiff re-alleges Paragraphs 1 through 95 and incorporates them by reference as Paragraphs 1 through 95 of Count VIII of this complaint.

97.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, personally interfered with and deprived him of his constitutional rights.

98.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V.

CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his civil rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

99.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

100.    Plaintiff alleges that defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN acted in an outrageous and systematic pattern of civil rights violations, oppression, bad faith and cover-up, directed at him and continuing from in or around December 4, 2009, until this day.

101.    Plaintiff alleges that as a result of the acts of defendants' RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT IX
### RACE DISCRIMINATION
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

102.    Plaintiff re-alleges Paragraphs 1 through 101 and incorporates them by reference as Paragraphs 1 through 101 of Count IX of this complaint.

103.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

104.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN discriminated against him because of his race.

105.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN, he suffered the indignity of race discrimination and great humiliation.

106.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN'S violations caused him mental anguish, emotional distress, and loss of employment opportunities.

## COUNT X
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

107.    Plaintiff re-alleges Paragraphs 1 through 106 and incorporates them by reference as Paragraphs 1 through 106 of Count X of this complaint.

108.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

109.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and

SEAN DONOVAN discriminated against him because of his race.

110.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN, he suffered the indignity of race discrimination and great humiliation.

111.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL; EDWARD R. ARMSTRONG and SEAN DONOVAN'S violations caused him mental anguish, emotional distress, and loss of employment opportunities.

## JURY TRIAL

112.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE

CITY OF NEW YORK; RAYMOND W. KELLY; CHARLES V. CAMPISI; GARY STREBEL;

EDWARD R. ARMSTRONG and SEAN DONOVAN jointly and severally, in an amount to be

determined at trial, plus any al available statutory remedies, both legal and equitable, and

interests and costs.

Dated:  November 5, 2013
        New York, NY

Respectfully submitted,

By:  _____
     Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com