UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

RAYMOND STUKES

                              Plaintiff,

                -against-

THE CITY OF NEW YORK; CHARLES V. CAMPISI, as
Bureau Chief, Internal Affairs Bureau; GARY STREBEL, as
Assistant Chief, Internal Affairs Bureau; RICHARD MILLER,
as Deputy Inspector, Internal Affairs Bureau; EDWARD R.
ARMSTRONG, as Deputy Inspector, Internal Affairs Bureau;
SEAN DONOVAN, as Lieutenant, Internal Affairs Bureau;
ANTONIO TORRES, as Sergeant, Internal Affairs Bureau; and
TANESHA S. FACEY, as Police Officer, 81st Precinct, each
being sued individually in their official capacities as employees
of defendant THE CITY OF NEW YORK

                              Defendants
--------------------------------------------------------------------------x

SECOND AMENDED
COMPLAINT AND
JURY DEMAND

13 cv 6166 (NGC)

Judge Nicholas Garaufis

The plaintiff RAYMOND STUKES, by his attorney The Sanders Firm, P.C., as and for

his second amended complaint against defendants' THE CITY OF NEW YORK; CHARLES V.

CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN

DONOVAN; ANTONIO TORRES and TANESHA S. FACEY, respectfully set forth and allege

that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the plaintiff

RAYMOND STUKES, (hereinafter referred to as "plaintiff") who was and is being deprived of

his statutory rights as an employee as a result of defendants' THE CITY OF NEW YORK;

CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R.

ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S. FACEY'S

conduct.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

          a.      the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of rights under color of law.

2.      The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff has filed suit with this Court within the applicable statute of limitations period.

4.      Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

5.      Plaintiff RAYMOND STUKES is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of Nassau County and employee of defendant THE CITY OF NEW YORK.

## DEFENDANTS'

6.      Defendant CITY is a municipal corporation organized under the laws of the State of New York.

7.      Defendants' CHARLES V. CAMPISI, as Bureau Chief, Internal Affairs Bureau; GARY STREBEL, as Assistant Chief, Internal Affairs Bureau; RICHARD MILLER, as Deputy Inspector, Internal Affairs Bureau; EDWARD R. ARMSTRONG, as Deputy Inspector, Internal

Affairs Bureau; SEAN DONOVAN, as Lieutenant, Internal Affairs Bureau; ANTONIO

TORRES, as Sergeant, Internal Affairs Bureau and TANESHA S. FACEY, as Police Officer,

81st Precinct, each being sued individually and in their official capacities as employees of

defendant THE CITY OF NEW YORK.

## **BACKGROUND**

8.      Plaintiff is a sergeant with the Police Department City of New York.

9.      Plaintiff alleges prior to filing this lawsuit, he was assigned to the 81st Precinct in

Brooklyn North, covering Bedford Stuyvesant.

10.     Plaintiff alleges prior to filing this lawsuit, from June 2008 through August 2009,

defendant TANESHA S. FACEY was his subordinate.

11.      Plaintiff alleges this case is related to Adrian Schoolcraft v. City of New York, et

al., 10 cv 6005 SDNY.

12.     Plaintiff alleges prior to filing this lawsuit, from April 2008 through June 2009,

Police Officer Adrian Schoolcraft was his subordinate.

13.     Plaintiff alleges during the aforementioned time-period, Police Officer Adrian

Schoolcraft amassed tape recordings, department records, etc. to document serious corruption

such as ticket quotas, downgrading criminal complaint reports, illegal personal searches within

the 81st Precinct.

14.     Plaintiff alleges defendant THE CITY OF NEW YORK through Deputy Inspector

Steven Mauriello, defendant SEAN DONOVAN and other police management were very upset

with Police Officer Adrian Schoolcraft.

15.     Plaintiff alleges defendant THE CITY OF NEW YORK through Deputy Inspector

Steven Mauriello and other police management, tried to discredit Police Officer Adrian

Schoolcraft's allegations of serious corruption claiming he is a poor employee and crazy.

16.    Plaintiff alleges defendant SEAN DONOVAN has a personal friendship with Deputy Inspector Steven Mauriello.

17.    Plaintiff alleges in January 2009, Deputy Inspector Steven Mauriello requested to meet with him about Police Officer Adrian Schoolcraft's "Yearly Performance Evaluation."

18.    Plaintiff alleges when he entered Deputy Inspector Steven Mauriello's office, defendant SEAN DONOVAN was seated.

19.    Plaintiff alleges defendant SEAN DONOVAN was not assigned to the 81st Precinct.

20.    Plaintiff alleges defendant SEAN DONOVAN was assigned to the Internal Affairs Bureau.

21.    Plaintiff alleges defendant SEAN DONOVAN was not the Commanding Officer, but he led the meeting.

22.    Plaintiff alleges defendant SEAN DONOVAN tried to convince him to downgrade Police Officer Adrian Schoolcraft's Yearly Performance Evaluation.

23.    Plaintiff alleges defendant SEAN DONOVAN'S comments about Police Officer Adrian Schoolcraft were inconsistent with the department's Yearly Performance Monitoring Program.

24.    Plaintiff alleges defendant SEAN DONOVAN'S goal was to damage Police Officer Adrian Schoolcraft's credibility as the allegations of serious corruption began to surface.

25.    Plaintiff alleges defendant SEAN DONOVAN'S goal was to protect Deputy Inspector Steven Mauriello and defendant THE CITY OF NEW YORK against Police Officer Adrian Schoolcraft's impending lawsuit.

26.    Plaintiff refused to downgrade Police Officer Adrian Schoolcraft's Yearly Performance Evaluation.

27.    Sometime later, around August 2009, defendant TANESHA S. FACEY transferred into the Conditions Unit.

28.    Plaintiff alleges on or about August 28, 2009, defendants' RICHARD MILLER and SEAN DONOVAN under the direct supervision of defendants' CHARLES V. CAMPISI and GARY STREBEL planned a Targeted Integrity Test against defendant TANESHA S. FACEY.

29.    Plaintiff alleges the Internal Affairs Bureau does not receive adequate legal training about the ramifications of utilizing the Targeted Integrity Test.

30.    Plaintiff alleges the Internal Affairs Bureau does not receive adequate legal training about the ramifications of determining "probable cause."

31.    Plaintiff alleges the Internal Affairs Bureau does not receive adequate supervision from senior managers while performing the Targeted Integrity Test.

32.    Plaintiff alleges defendant THE CITY OF NEW YORK is aware of the problems as indicated but have no protocols or contingencies in place to protect employee's civil rights.

33.    Plaintiff alleges defendant TANESHA S. FACEY'S integrity was being tested because she was accused of making false arrests and issuing questionable summonses.

34.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN and ANTONIO TORRES planned the proposed Targeted Integrity Test with Kings County District Attorney Beth Hurley.

35.    Plaintiff alleges on or about September 3, 2009, the Targeted Integrity Test of

defendant TANESHA S. FACEY commenced under the direct supervision of defendants' CHARLES V. CAMPISI; GARY STREBEL; RONALD MILLER; SEAN DONOVAN and ANTONIO TORRES.

36.     Plaintiff alleges defendant ANTONIO TORRES directly observed and recorded the Targeted Integrity Test with video and audio tape.

37.     Plaintiff alleges he was performing routine patrol in a marked police vehicle when he observed defendant TANESHA S. FACEY at the corner of Howard Avenue and Chauncey Avenue interacting with an African-American male.

38.     Plaintiff alleges he stopped to see if defendant TANESHA S. FACEY needed any assistance.

39.     Plaintiff alleges former Police Officer Hector Tirado and Police Officer Warren Barnes accompanied him.

40.     Plaintiff alleges defendant TANESHA S. FACEY told him she saw this African-American male "selling untaxed cigarettes."

41.     Plaintiff alleges after a brief conversation with defendant TANESHA S. FACEY, based upon her "representations," former Police Officer Hector Tirado arrested this African-American male for selling alleged untaxed cigarettes.

42.     Plaintiff verified former Police Officer Hector Tirado's arrest.

43.     Plaintiff alleges unbeknownst to him at the time, defendant TANESHA S. FACEY lied to him about seeing this African-American male "selling untaxed cigarettes."

44.     Plaintiff alleges when the African-American male, later identified as Internal Affairs Bureau UC-5015 directly asks defendant TANESHA S. FACEY if she "saw him selling untaxed cigarettes, she answered "Yes I did."

45.    Plaintiff alleges the statement of defendant TANESHA S. FACEY is recorded on video and audio tapes.

46.    Plaintiff alleges he along with former Police Officer Hector Tirado and Police Officer Warren Barnes transported UC-5015 to the 81st Precinct for arrest processing.

47.    Plaintiff alleges Worksheet No.: 18, prepared and signed by UC-5015 contain defendant TANESHA S. FACEY'S false statements.

48.    Plaintiff alleges Worksheet No.: 18, was reviewed for content, veracity and consistency with the recorded audio tape and signed by defendants' RICHARD MILLER; SEAN DONOVAN and ANTONIO TORRES.

49.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN and ANTONIO TORRES adopted the contents, veracity and consistency of Worksheet No.: 18.

50.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN and ANTONIO TORRES knew defendant TANESHA S. FACEY lied but did nothing to protect him.

51.    Plaintiff alleges Worksheet No.: 20, prepared and signed by defendant SEAN DONOVAN determined the Targeted Integrity Test was a failure related to him not, defendant TANESHA S. FACEY.

52.    Plaintiff alleges defendant SEAN DONOVAN recommended to defendant RICHARD MILLER that he and former Police Officer Hector Tirado be prosecuted for perjury.

53.    Plaintiff alleges defendant SEAN DONOVAN made the aforementioned

recommendation with malicious intent because he already knew, plaintiff was innocent of committing any crimes or serious misconduct.

54.     Plaintiff alleges defendant SEAN DONOVAN acted with malicious intent because he refused to go along with trying to damage Police Officer Adrian Schoolcraft's reputation.

55.     Plaintiff alleges defendant SEAN DONOVAN did not recommend to defendant RICHARD MILLER that defendant TANESHA S. FACEY be prosecuted for perjury or any other crime despite her intentionally lying to he and former Police Officer Hector Tirado leading to the false arrest of UC-5015.

56.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN and ANTONIO TORRES adopted the contents, veracity and consistency of Worksheet No.: 20.

57.     Plaintiff alleges although he verified former Police Officer Hector Tirado's arrest at the scene, he did not supervise the arrest processing inside of the 81st Precinct.

58.     Plaintiff alleges at the time of the arrest processing, he was off-duty and not supervising former Police Officer Hector Tirado.

59.     Plaintiff alleges this was an easy fact to verify, the information is documented in the Command Log, Roll Call, Telephone Message log, Prisoner Log and other related department records.

60.     Plaintiff alleges if defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RONALD MILLER and ANTONIO TORRES had the proper training, oversight and discipline, defendant SEAN DONOVAN and others would have been

caught "creating" probable cause against him.

61.     Plaintiff alleges on or about September 29, 2009, Kings County District Attorney Gregory A. Marshall received copies of the video and audio tapes.

62.     Plaintiff alleges on or about October 7, 2009, defendants' RICHARD MILLER and SEAN DONOVAN reclassified the Targeted Integrity Test "failure" as a criminal case.

63.     Plaintiff alleges on or about October 27, 2009, defendant RICHARD MILLER provided Kings County Assistant District Attorney Gregory A. Marshall with copies of the video and audio tapes of the Targeted Integrity Test and they reviewed them together.

64.     Plaintiff alleges on or about December 4, 2009, defendant CHARLES V. CAMPISI placed him on "Modified Assignment" for the "Good of the Department."

65.     Plaintiff alleges defendant THE CITY OF NEW YORK adopted defendant CHARLES V. CAMPISI'S decision.

66.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S. FACEY did nothing to protect his civil rights.

67.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S. FACEY covered up their misconduct, ensnaring him in a web of self-generated lies to protect the Department's image from Police Officer Adrian Schoolcraft's allegations of criminal conduct and corruption within the 81st Precinct.

68.     Plaintiff alleges in or around February 2010, he reported to the Quality Assurance

Division at 300 Gold Street Brooklyn, N.Y.

69.     Plaintiff alleges an unidentified Deputy Inspector (Caucasian Male) and Lieutenant Michael Brill interrogated him for five (5) hours regarding the veracity of Police Officer Adrian Schoolcraft's allegations about the intentional downgrading or misclassifications of complaint reports filed within the 81st Precinct.

70.     Plaintiff alleges despite the Department's position, there is merit to Police Officer Adrian Schoolcraft's allegations of intentional downgrading or misclassifications of complaint reports filed within the 81st Precinct but, employees are afraid to report the misconduct.

71.     Plaintiff alleges the employees' are afraid of retaliation.

72.     Plaintiff alleges on or about June 16, 2010, Kings County Assistant District Attorney Gregory Marshall presented false-facts provided by defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RONALD MILLER; ANTONIO TORRES and TANESHA S. FACEY and others to a Grand Jury.

73.     Plaintiff alleges based upon the false-facts presented to the Grand Jury, the Grand Jury returned a 'True Bill' or 'Indictment' against him.

74.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RONALD MILLER; ANTONIO TORRES and TANESHA S. FACEY never turned over "exculpatory evidence" in their possession to the Kings County District Attorney's Office for presentation to the Grand Jury.

75.     Plaintiff alleges if they did, then the Grand Jury would have returned a "No Bill."

76.     Plaintiff was ultimately 'Indicted' for Offering a False Instrument for Filing 1st Degree, Perjury 2nd Degree, and a host of other criminal charges.

77.     Plaintiff alleges on or about July 27, 2010, Sergeants Benevolent Association

Vice President Robert Ganley told him that he has been 'Indicted' via a 'Sealed Indictment' and was going to be arrested by the Internal Affairs Bureau.

78.    Plaintiff alleges on or about July 29, 2010, he received a phone call from a reporter at the New York Post requesting a comment about his impending arrest.

79.    Plaintiff alleges on or about July 30, 2010, the New York Post already printed and distributed the story of his impending arrest to its readership.

80.    Plaintiff alleges it was readily apparent that someone from the Kings County District Attorney's Office or the Police Department City of New York leaked the 'Sealed Indictment' to the New York Post.

81.    Plaintiff alleges later in the day, defendant CHARLES V. CAMPISI ordered his arrest and suspension.

82.    Plaintiff alleges defendant THE CITY OF NEW YORK and Police Commissioner Raymond W. Kelly supported his arrest and suspension without pay.

83.    Plaintiff alleges he was arrested at the Kings County District Attorney's Office and charged with Offering a False Instrument for Filing 1st Degree, Perjury 2nd Degree, Offering A False Instrument for Filing 2nd Degree, Falsifying Business Records 2nd Degree, Official Misconduct 1st Degree and Perjury 3rd Degree.

84.    Plaintiff alleges defendants' EDWARD R. ARMSTRONG and SEAN DONOVAN processed him.

85.    Plaintiff alleges he was arrested without "probable cause."

86.    Plaintiff alleges defendant EDWARD R. ARMSTRONG insisted that he do the 'Perp Walk' out from the Kings County District Attorney's Office and the Court.

87.    Plaintiff alleges that when he arrived for Arraignment the Court was full of

reporters.

88.     Plaintiff alleges his arrest was a major media event resulting in his image reproduced throughout the World in print, television, radio and internet sources.

89.     Plaintiff alleges on or about August 31, 2010, he was restored from suspension, placed on "Modified Assignment" and reassigned to VIPER No.: 4 in the Bronx.

90.     Plaintiff alleges on or about September 24, 2010, defendant EDWARD R. ARMSTRONG requested that First Deputy Commissioner Rafael Pineiro prefer Charges and Specifications against him.

91.     Plaintiff alleges defendant GARY STREBEL endorsed the request.

92.     Plaintiff alleges the requested Charges and Specifications mirrored the criminal charges.

93.     Plaintiff alleges shortly thereafter, he received Charges and Specifications from the Department Advocate's Office.

94.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RONALD MILLER and ANTONIO TORRES and TANESHA S. FACEY did not protect his civil rights.

95.     Plaintiff alleges on or about November 10, 2010, he appeared before the Supreme Court of the State of New York, County of Kings.

96.     Plaintiff alleges he informed the Court that the alleged documents provided by defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RONALD MILLER ; ANTONIO TORRES and TANESHA S. FACEY to the Kings County District Attorney's Office were not signed by him.

97.     Plaintiff alleges the Court previously denied motions to dismiss the indictment for

'lack of evidence.'

98.    Plaintiff alleges sometime between Late 2010 and Late Spring 2011 the Court and Kings County District Attorney's Office began to doubt the "authenticity" and "validity" of the evidence filed against him.

99.    Plaintiff alleges not one employee of defendant THE CITY OF NEW YORK acknowledged they had "exculpatory evidence" in their possession clearing him of criminal conduct.

100.   Plaintiff alleges shortly thereafter, he hired Access Forensic Group, LLC to perform a handwriting analysis.

101.   Plaintiff alleges as soon as the handwriting expert saw the documents in question, he immediately determined that he did not sign the documents presented to the Grand Jury.

102.   Plaintiff alleges on or about July 5, 2011, he received the Expert Report written by Access Forensic Group, LLC confirming he did not sign the documents presented to the Grand Jury.

103.   Plaintiff alleges he delivered the Expert Report to the Kings County District Attorney's Office.

104.   Plaintiff alleges the Kings County District Attorney's Office offered no response.

105.   Plaintiff alleges shortly thereafter, his former attorney told him Kings County Assistant District Attorney Andrea Robinson 'knew that he was getting a raw deal but, her supervisors were holding things up.'

106.   Plaintiff alleges he produced up to ten (10) years of personal records such as mortgages and bank statements for review by the Kings County District Attorney's Office.

107.   Plaintiff alleges on or about October 11, 2011, Internal Affairs searched his

Department lockers stored at the 81st Precinct and VIPER No.: 4.

108.    Plaintiff alleges defendant EDWARD R. ARMSTRONG ordered the 'Administrative Search'.

109.    Plaintiff alleges defendant EDWARD R. ARMSTRONG found no violations of Department policies.

110.    Plaintiff alleges on or about November 14, 2011, he was advised by his former attorney that Kings County District Attorney Charles J. Hynes called Sergeant Benevolent Association Vice President Robert Ganley and said "We know that Sergeant Stukes DID NOT sign any of the paperwork. We need him to come down so that we can get this done."

111.    Plaintiff alleges on or about November 15, 2011, he appeared before Supreme Court Justice John P. Walsh, Kings County Assistant District Attorney Andrea Robinson motioned the Court to dismiss the case for "lack of evidence."

112.    Plaintiff alleges other than the aforementioned statement, there were no other comments made on the record.

113.    Plaintiff alleges no one ever apologized for ruining his reputation and image.

114.    Plaintiff alleges on or about December 7, 2011, through his former attorney, he filed a Motion to Restore him to "Full Duty" with Police Commissioner Raymond W. Kelly.

115.    Plaintiff alleges on or about January 17, 2012, he was ordered to appear for a Department Interview at the Internal Affairs Bureau 315 Hudson Street New York, N.Y.

116.    Plaintiff alleges the interviewers were defendants' EDWARD R. ARMSTRONG and SEAN DONOVAN.

117.    Plaintiff alleges they asked questions about the arrest processing as well as his belief defendant TANESHA S. FACEY lied about observing UC-5015 selling or attempting to

sell untaxed cigarettes.

118.    Plaintiff alleges after the interviews, defendant TANESHA S. FACEY did not

receive Charges and Specifications for making false statements to UC5015 or during her

Department Interview.

119.    Plaintiff alleges on or about March 1, 2013, the NYPD Department Advocate's

Office dismissed all of the original Charges and Specifications against him, serving him with an

amended Charge and Specification for "failing to follow the turnover arrest procedure."

120.    Plaintiff alleges such charge is a legal fiction because there was no arrest.

121.    Plaintiff alleges an arrest must be lawful based upon "probable cause."

122.    Plaintiff alleges the statements and actions of defendant TANESHA S. FACEY

did not constitute "probable cause."

123.    Plaintiff alleges defendant TANESHA S. FACEY clearly lied about her

observations of UC-5015.

124.    Plaintiff alleges defendant TANESHA S. FACEY denies making any statements

to him that could constitute "probable cause."

125.    Plaintiff alleges defendant TANESHA S. FACEY denies saying to UC-5015 that

she saw him selling untaxed cigarettes when the video and audio evidence is clear that she did

make such false statements, therefore, there was no "probable cause."

126.    Plaintiff alleges defendant TANESHA S. FACEY denies arresting UC-5015.

127.    Plaintiff alleges since defendant TANESHA S. FACEY did not arrest UC-5015

then a turnover arrest even if illegal, was legally impossible.

128.    Plaintiff alleges on or about March 17, 2013, during the litigation of Floyd v. City

of New York, et al., 08 cv 1034 SDNY, an attorney from the New York City Law Department

told him Police Officer Adrian Schoolcraft would be testifying for the plaintiffs.

129. Plaintiff alleges the person told him, we know what happened to you but that has nothing to do with this case.

130. Plaintiff alleges defendant THE CITY OF NEW YORK intended to use him as a witness against Police Officer Adrian Schoolcraft.

131. Plaintiff alleges the person wanted to know information about Police Officer Adrian Schoolcraft.

132. Plaintiff alleges he said, "When I am on the stand, I am going to let the truth come out."

133. Plaintiff alleges the person never contacted him again.

134. Plaintiff alleges on or about April 16, 2013, the NYPD Department Advocate's Office refused to drop the sole Charge and Specification against him.

135. Plaintiff alleges on or about May 21, 2013, the NYPD Department Advocate's Office refused to drop the sole Charge and Specification against him.

136. Plaintiff alleges on or about June 9, 2013, he was restored to "Full Duty" and transferred to the 70th Precinct.

137. Plaintiff alleges on or about June 11, 2013, the NYPD Department Advocate's Office offered him to plea with no further penalty other than time served while on suspension for thirty (30) days, he refused.

138. Plaintiff alleges on or about July 25, 2013, the Department Trial commenced against him.

139. Plaintiff alleges on or about August 8, 2013, the Department Trial concluded.

140. Plaintiff alleges during testimony for the Department, defendant ANTONIO

TORRES admitted defendant TANESHA S. FACEY claimed she "saw" him (UC-5015) selling untaxed cigarettes, then when asked by UC-5015, she responded, "Yes I did."

141.    Plaintiff alleges during testimony for the Department, UC-5015 testified, defendant TANESHA S. FACEY claimed she "saw" him selling untaxed cigarettes, and then when asked by him, she responded "Yes, I did."

142.    Plaintiff alleges UC-5015 created Worksheet No.: 18 that memorialized her statements.

143.    Plaintiff alleges Worksheet No.: 18 is consistent with the video and audio content.

144.    Plaintiff alleges during testimony for the Department, defendant TANESHA S. FACEY lied on the stand, clearly committing perjury.

145.    Plaintiff alleges on or about August 23, 2013, he complained about his distrust of the Department, therefore, he was placed on "Restricted Duty," transferred to non-enforcement duties and his firearm was seized.

146.    Plaintiff alleges he is receiving therapy in conjunction with private medical personnel and the NYPD Psychological Services Unit.

147.    Plaintiff alleges on or about January 15, 2014, he received the Fogel Response from the Trial Commissioner's Office recommending finding him NOT GUILTY of the remaining disciplinary charge against him.

148.    Plaintiff alleges Trial Commissioner wondered how the Department filed charges of serious misconduct against him for alleged conduct they could never prove, meanwhile, not charge defendant TANESHA S. FACEY who obviously failed the Targeted Integrity Test with serious misconduct.

149.    Plaintiff alleges on or about April 7, 2014, incoming Police Commissioner

William J, Bratton adopted the Trial Commissioner's Fogel recommendation finding him NOT GUILTY of the remaining disciplinary charge filed against him.

150.   Plaintiff alleges based upon the aforementioned collective actions, defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S. FACEY violated his civil rights.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### ABUSE OF AUTHORITY
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

151.   Plaintiff re-alleges Paragraphs 1 through 150 and incorporates them by reference as Paragraphs 1through 150 of Count I of this second amended complaint.

152.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S. FACEY under color of law, personally interfered with and deprived him of his constitutional rights.

153.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S. FACEY acting individually and in their official capacities under color of law, and having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such civil rights violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

154.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V.

CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN

DONOVAN; ANTONIO TORRES and TANESHA S. FACEY acted in an outrageous and

systematic pattern of bad faith and cover-up, directed at him and continuing from in or around

September 3, 2009, until this day.

155.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V.

CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN

DONOVAN; ANTONIO TORRES and TANESHA S. FACEY caused him to sustain emotional

distress injuries, monetary damage and incurring medical and legal expenses to pursue his

claims.

**COUNT II**
**VIOLATION OF THE FOURTH AMENDMENT**
**FALSE ARREST**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

156.    Plaintiff re-alleges Paragraphs 1 through 155 and incorporates them by reference

as Paragraphs 1 through 155 of Count II of this second amended complaint.

157.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V.

CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN

DONOVAN and ANTONIO TORRES intended to confine him.

158.    Plaintiff alleges he was conscious of the confinement.

159.    Plaintiff alleges he did not contest the confinement.

160.    Plaintiff alleges the confinement was not otherwise privileged.

161.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V.

CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN

DONOVAN and ANTONIO TORRES did not have probable cause to arrest him.

## COUNT III
## VIOLATION OF THE FOURTH AMENDMENT
## MALICIOUS PROSECUTION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

162.    Plaintiff re-alleges Paragraphs 1 through 161 and incorporates them by reference as Paragraphs 1 through 161 of Count III of this second amended complaint.

163.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN and ANTONIO TORRES under color of law, personally interfered with and deprived him of his constitutional rights.

164.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN and ANTONIO TORRES initiated and continued a criminal proceeding against him.

165.    Plaintiff alleges the criminal proceeding terminated in his favor.

166.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN and ANTONIO TORRES arrested him and continued with the prosecution although they had no probable cause.

167.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN and ANTONIO TORRES continued with the prosecution with malice because he failed to cooperate in damaging Police Officer Adrian Schoolcraft's reputation.

## COUNT IV
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

168.    Plaintiff re-alleges Paragraphs 1 through 167 and incorporates them by reference as Paragraphs 1 through 167 of Count IV of this second amended complaint.

169.    Plaintiff alleges defendant THE CITY OF NEW YORK caused his injuries.

170.    Plaintiff alleges defendant THE CITY OF NEW YORK'S actions were under color of law.

171.    Plaintiff alleges defendant THE CITY OF NEW YORK deprived him of his constitutional and statutory rights.

172.    Plaintiff alleges defendant THE CITY OF NEW YORK'S actions caused his injuries.

173.    Plaintiff alleges because of defendant THE CITY OF NEW YORK'S actions he is damaged.

174.    Plaintiff alleges an "official policies" of the NYPD caused his constitutional and statutory injuries.

## COUNT V
## FAILURE TO TRAIN
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

175.    Plaintiff re-alleges Paragraphs 1 through 174 and incorporates them by reference as Paragraphs 1 through 174 of Count V of this second amended complaint.

176.    Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

177.    Plaintiff alleges the situation presents the employee with a difficult choice of the

sort either that training will make less difficult or that there is a history of employees mishandling the situation.

178.    Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

179.    Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to train its employees he sustained constitutional and statutory injuries.

## COUNT VI
## FAILURE TO SUPERVISE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

180.    Plaintiff re-alleges Paragraphs 1 through 179 and incorporates them by reference as Paragraphs 1 through 179 of Count VI of this second amended complaint.

181.    Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

182.    Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that supervision will make less difficult or that there is a history of employees mishandling the situation.

183.    Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

184.    Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to supervise its employees he sustained constitutional and statutory injuries.

## COUNT VII
## IMPROPER DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

185.    Plaintiff re-alleges Paragraphs 1 through 184 and incorporates them by reference

as Paragraphs 1 through 184 of Count VII of this second amended complaint.

186.    Plaintiff alleges defendant THE CITY OF NEW YORK deprived him of his constitutional and statutory rights by failing to discipline defendants' CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S. FACEY.

187.    Plaintiff alleges defendant THE CITY OF NEW YORK'S failure to discipline defendants' CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S. FACEY reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

188.    Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to discipline defendants' CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER; EDWARD R. ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S. FACEY he sustained constitutional and statutory injuries.

## JURY TRIAL

189.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE

CITY OF NEW YORK; CHARLES V. CAMPISI; GARY STREBEL; RICHARD MILLER;

EDWARD R. ARMSTRONG; SEAN DONOVAN; ANTONIO TORRES and TANESHA S.

FACEY jointly and severally, in an amount to be determined at trial including statutory

remedies, both legal and equitable, and interests and costs.

Dated:  May 5, 2014
        New York, NY

                              Respectfully submitted,

                              By: _____
                                  Eric Sanders

                              Eric Sanders, Esq.
                              **THE SANDERS FIRM, P.C.**
                              1140 Avenue of the Americas, 9th Floor
                              New York, NY 10036
                              (800) 371-4835 (Business Telephone)
                              (212) 537-9081 (Facsimile)

                              Website: http://www.thesandersfirmpc.com